Borge JORGENSEN
v.
The UNITED STATES.
No. 540-53.

United States Court of Claims.
May 8, 1957.

Henry I. Fillman, New York City, for plaintiff.

Gilbert E. Andrews, Washington, D. C., with whom was Charles K. Rice, Asst. Atty. Gen., for the defendant. James P. Garland, Washington, D. C., was on the brief.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

MADDEN, Judge.

The plaintiff was required to pay a Federal gift tax upon a bank account in a New York bank, which account was given him by his father. He claims that the gift was not subject to the tax, and sues for the refund of the tax.

The plaintiff's father Niels C. Jansen, was a citizen and resident of Denmark. He had for many years prior to World War II maintained a bank account in his

own name with the Guaranty Trust Company of New York. In March 1940, after the invasion of Denmark by the Nazis, Mr. Jansen told the plaintiff that he was giving him the bank account, but that he would make no written confirmation of the gift, because such evidence might fall into the hands of the Germans who might claim the account if they learned of it. Mr. Jansen advised the Guaranty Trust Company to subhead the account "Foreign Syndicate Separate account." In 1945 after the liberation of Denmark Mr. Jansen advised the bank that the plaintiff was the owner of the account. In 1949 the bank was given a license by the Office of Alien Property to transfer the account to the plaintiff.

In October 1949 the Federal tax authorities served on the bank a notice of a levy of a gift tax on the account in the amount of $36,133.08, consisting of $23,908.37 of principal and $12,224.71 of interest. These sums were paid out of the account. The plaintiff filed a claim for refund, and $11,724.06 of the interest was refunded, for a reason that will be stated hereinafter. The rest of the claim for refund was rejected.

■ The plaintiff says that the gift was not taxable because the donor was neither a resident nor a citizen of the United States nor was he doing business in the United States. That contention cannot be based upon the language of the gift tax statute itself, which, as it appeared in the Internal Revenue Code of 1939, 26 U.S.C. 1952 ed. § 1000, said:

"§ 1000. Imposition of tax.

"(a) For the calendar year 1940 and each calendar year thereafter a tax, computed as provided in section 1001, shall be imposed upon the transfer during such calendar year by any individual, resident or nonresident, of property by gift. Gift taxes for the calendar years 1932–1939, inclusive, shall not be affected by the provisions of this chapter, but shall remain subject to the applicable provisions of the Revenue Act of 1932, except as such provisions are modified by legislation enacted subsequent to the Revenue Act of 1932.

"(b) The tax shall apply whether the transfer is in trust or otherwise, whether the gift is direct or indirect, and whether the property is real or personal, tangible or intangible; but, in the case of a nonresident not a citizen of the United States, shall apply to a transfer only if the property is situated within the United States."

The statute would seem to apply to the gift here in question. The plaintiff urges in his brief that it does not apply because, it says, money deposited in a bank in the United States by a nonresident alien not engaged in business in the United States is not "property * * * situated within the United States" within the meaning of the gift tax statute. This would seem to be a rather violent construction of the language of the statute. The statute expressly mentions intangible property, and the state of the debtor or obligor of a chose in action has the power to tax the chose in action to the creditor or obligee if it chooses to do so. It is not possible to gather from section 1000 alone any Congressional idea that a bank account in New York is not "situated within the United States," no matter who owns the account.

The plaintiff's justification for its claimed construction of section 1000 is that the gift tax statute must be interpreted in harmony with the estate tax statute, and that if it is so interpreted, its literal meaning is substantially modified. The gift tax statute was enacted to prevent evasion of the estate tax statute. Before the enactment of the gift tax statute in 1924 wealthy persons were making *inter vivos* gifts of their property to the persons who would have taken it by inheritance or by devise if they had held it until their deaths, and thus depriving the Government of estate tax revenue. The Congressional committee reports relating to the gift tax statute bear out the plaintiff's statements as to the reason, or a principal reason, for the enactment of the gift tax statute. See 2 Paul,

Federal Estate and Gift Taxation (1924) sec. 15.04. The plaintiff cites Burnet v. Guggenheim, 288 U.S. 280, 286, 53 S.Ct. 369, 77 L.Ed. 748; Sanford's Estate v. Commissioner of Internal Revenue, 308 U.S. 39, 42, 44, 60 S.Ct. 51, 84 L.Ed. 20; and Merrill v. Fahs, 324 U.S. 308, 65 S. Ct. 655, 89 L.Ed. 963, in which the Court says that the gift tax statute and the estate tax statute are *in pari materia*, and the gift tax statute should be construed in the light of the text and the judicial interpretations of the estate tax statute.

In Guggenheim, a donor had in 1917, before the enactment in 1924 of the first gift tax statute, conveyed property upon a revocable trust. In 1925 he canceled the power of revocation. A gift tax was then imposed, and the taxpayer claimed that the gift had taken place in 1917, and hence was tax-free. The Court said that if such a conveyance was a gift in 1917 within the meaning of the statute, a similar conveyance after 1924 would be a gift, and taxable as a gift, but it would also be taxable to the donor's estate upon his death because of his continuing control over the property. The Court thus looked to the estate tax statute and found a reason for concluding that Congress did not intend that a revocable trust should constitute a gift, within the meaning of the statute. Sanford's Estate presented a similar problem as to whether a transaction which might or might not be regarded as a gift should be so regarded, if to do so would produce a result incongruous with the recognized provisions of the estate tax statute.

In Merrill v. Fahs the question was whether when, pursuant to a premarital contract, a husband transfers money to his wife in consideration of her relinquishment of her marital rights in his property and estate, the transfer is for a consideration, hence not a gift and not taxable. The gift tax statute said that a transfer should be a gift and taxable unless made for "an adequate and full consideration." 26 U.S.C. § 1002. The estate tax statute in its provisions relating to claims deductible from the estate, and to transfers in contemplation of death,

used similar language. But Congress in the Revenue Act of 1932, section 804, 26 U.S.C. § 812, relating to the estate tax, expressly provided that a transfer of marital rights should not be consideration in "money or money's worth." No such explicit language was used in the gift tax statute. The Court held, however, that, because of the close interrelation between the two statutes, the comparable transactions were intended by Congress to receive similar treatment in applying the two statutes, and the transfer was a taxable gift.

In the three cases discussed the Court was dealing with statutory language readily susceptible of the interpretation its interpretation, the Court was influenced by the fact that the interpretation which it gave the gift tax statute made it congruous with the estate tax statute.

In the instant case, section 1000 is really not susceptible of the interpretation which the plaintiff asks us to give it. Nor is there serious disharmony between the natural meaning of the words of section 1000 and section 863(b) of the Revenue Code of 1939, 26 U.S.C. § 863 (b) relating to the estate tax. To be sure, section 863(b) would have made this bank account nontaxable to the estate of Mr. Jansen if he had continued to own it until his death, and had continued to be a non-resident and a non-citizen of the United States, not doing business in the United States. The purpose of this provision in the estate tax statute was to put American banks and insurance companies on a basis on which they could compete with foreign companies for the money of foreigners. To give effect to section 863(b) it is not necessary to read into section 1000 a Congressional intention that a gift of such a chose in action, made long before the owner's death, and after which he might well become a citizen or resident of the United States, or might engage in business here, should be similarly tax-free.

In the Revenue Act of 1954, in section 2504(a), 26 U.S.C. § 2504(a) gifts such as the one here in question were expressly made exempt from the gift tax.

The Government points to language in the Committee reports stating that this was a change in existing law. We do not place great reliance upon such a statement by a later Congress as to what was intended by a statute enacted by an earlier one. Frequently the intention of the later Congress may be to make clear what was doubtful in the earlier statute.

Our conclusion that this gift was taxable is in accord with that of the Court of Appeals for the Second Circuit in Harris v. Commissioner of Internal Revenue, 2 Cir., 178 F.2d 861, reversed on other grounds 340 U.S. 106, 71 S.Ct. 181, 95 L.Ed. 111.

The plaintiff urges that even if the gift here involved was taxable, the gift did not take place until October 5, 1949, when the Office of Alien Property issued its license to the bank to transfer the account to the plaintiff. Since the gift tax was paid by the bank shortly thereafter the plaintiff says that no interest should have been charged on the tax. As we have seen, the Government originally collected interest from March 15, 1941, which would have been the return date for a gift made in 1940, to the date of payment of the tax in December 1949. Later, as we have seen, the Government refunded most of this interest, concluding that since the plaintiff was out of the country after December 6, 1941, the period of time beginning December 7, 1941, and ending December 30, 1949, should, under the applicable statute and Treasury decisions be disregarded in determining whether the gift tax return was timely filed. The Government, however, kept the interest for the period March 15, 1941, to December 7, 1941, amounting to $1,042.64.

The plaintiff says that since the President, on the invasion of Denmark by the Nazis, blocked any property in the United States belonging to Danish nationals, from transfer on or after April 8, 1940, and since in 1942 the Secretary of the Treasury issued a ruling that any attempt to transfer or make a gift of blocked property should be null and void, unless the transfer or gift was licensed, and since the license for the transfer to the plaintiff was not issued until October 5, 1949, the gift did not take place until that date. We think the plaintiff is right. An attempted gift which is specifically forbidden by valid regulations of the Government is not the kind of completed gift which is taxable. As the Court said in Guggenheim, supra [288 U.S. 280, 53 S.Ct. 371], "a gift is not consummate until put beyond recall."

The Government's motion for judgment on the pleadings is denied in part and granted in part.

Although plaintiff has not moved for judgment, he is entitled to recover the $1,042.64 in interest which the Government has retained. In the absence of anything further from the parties within fifteen days of this date, judgment will be entered for plaintiff in that sum together with interest thereon as provided by law.

It is so ordered.

JONES, Chief Judge, and WHITAKER, Judge, concur.

LARAMORE, Judge.

I respectfully dissent.

The plaintiff bases his case on the proper application of subsection (b) of section 1000 of the Internal Revenue Code of 1939, quoted in full in the majority opinion, which provides for the taxation of the type of property here in question but further provides that "in the case of a nonresident not a citizen of the United States, [the tax] shall apply to a transfer only if the property is situated within the United States." This clause is not defined in the gift tax statute itself, hence, without more it would appear that a bank account in a New York bank is property within the United States and thus subject to the assessment of a gift tax upon its transfer in gift.

Taxpayer, however, alleges that because of other sections of the Internal Revenue Code of 1939, the bank account is exempt from a gift tax and cites section 863 which reads as follows:

"The following items shall not, for the purpose of this subchapter, be deemed property within the United States:

\*   \*   \*   \*   \*   \*

"(b) Bank Deposits. Any moneys deposited with any person carrying on the banking business, by or for a nonresident not a citizen of the United States who was not engaged in business in the United States at the time of his death. \* \* \*"

The issue then, as it appears to me, is the correct interpretation and application of the clause "property \* \* \* situated within the United States" as used in section 1000(b) of the Code.

As noted in the majority opinion, the Supreme Court on numerous occasions held that the gift tax statute and the estate tax statute are *in pari materia* and that the gift tax should be construed in the light of the text and judicial interpretation of the estate tax statute. Merrill v. Fahs, 1945, 324 U.S. 308, 65 S.Ct. 655, 89 L.Ed. 963; Estate of Sanford v. Commissioner of Internal Revenue, 1939, 308 U.S. 39, 60 S.Ct. 51, 84 L.Ed. 20; Burnet v. Guggenheim, 1933, 288 U.S. 280, 53 S.Ct. 369, 77 L.Ed. 748. Accordingly, if the term "property \* \* \* situated within the United States" is defined in the estate tax statute in a way that would place a meaning on it different from that which would ordinarily be implied therefrom, that definition must also apply to the gift tax statute unless otherwise negatived therein. It is not so negatived by the gift tax statute.

Certainly, the clause cannot be given one meaning in the one statute and a different meaning in the other, unless expressly done so by the statutes themselves, and this for the very reason asserted by the majority as being the purpose of the gift tax statute, to wit, to prevent evasion of the estate tax statute. If the bank deposit in the case at bar was excluded by specific statutory provision from the estate of a deceased nonresident alien, there could have been no evasion of the estate tax by making an *inter vivos* transfer of the property. The majority points out that before the enactment of the gift tax statute in 1924 wealthy persons were making *inter vivos* gifts of their property to the persons who would have taken it by inheritance or by devise if the donor had held the property until death and thus deprived the Government of estate tax revenue. To prevent this, the gift tax statute was passed with the result that, in effect, the assessment of a gift tax on a donor (the prospective decedent whose estate would have been taxed on the property given away if still held at death) is a downpayment on the estate tax which otherwise would have had to have been paid. Burnet v. Guggenheim, supra, 288 U.S. at page 286, 53 S.Ct. 369.

To tax the gift in a case such as this would be to tax property donated before death which would not have been taxed if held until death. The estate tax is the basis of taxation in this field, the gift tax being only supplementary thereto. Estate of Sanford v. Commissioner of Internal Revenue, supra, 308 U.S. at page 44, 60 S.Ct. 51; Merrill v. Fahs, supra, 324 U.S. at page 311, 65 S.Ct. 655. Thus, it would seem inconsistent to levy a tax under the gift tax statute (the statute designed to prevent evasion of the estate tax statute) on a transfer of property when the property was specifically exempt from tax under the estate tax statute. The estate tax statute has expressly defined what constitutes property located within or without the United States in the case of a nonresident alien and it should, on the basis of the aforementioned Supreme Court decisions, be carried over to and applied in a gift tax situation.

To reach the result I have suggested herein would not "produce a result incongruous with the recognized provisions of the estate tax statute," Estate of Sanford, supra; rather, it would produce a result entirely consistent therewith.

Insofar as I have been able to determine, this problem has been ruled on only once previously and that by the Second Circuit in Harris v. Commissioner of Internal Revenue, 2 Cir., 1950, 178 F.2d

861, reversed on other grounds 340 U.S. 106, 71 S.Ct. 181, 95 L.Ed. 111. The court in that case, with a dissenting opinion, reasoned somewhat the same as the majority in the case at bar. It went to the Supreme Court but that part of the case which related to our problem here was not before that Court. The order granting *certiorari* provided the hearing would be limited to the other two issues of the case.

The taxpayer should be entitled to recover the amount of gift tax paid because of this alleged transfer of property by gift.

LITTLETON, Judge, joins in the foregoing dissenting opinion.